**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHEKIR THOMAS,** | : | |
| **Plaintiff** | : | **No.  2:22-CV-2246** |
| | : | |
| **v.** | : | |
| | : | |
| **GEORGE LITTLE,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of

the Commonwealth Defendants' Motion for Reconsideration, and any responses thereto, it is

hereby ORDERED that the Motion is GRANTED.


_____
**MIA ROBERTS PEREZ, J.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHEKIR THOMAS,                    :

                          Plaintiff    :        No.  2:22-CV-2246

                                     :

        v.                        :

                                     :

GEORGE LITTLE, *et al.*,            :

                                     :

                Defendants    :

### COMMONWEALTH DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants Little, Wetzel, Luquis, Matteo, and Stickney (hereinafter "Commonwealth Defendants"), hereby request the Court reconsider its February 10, 2026 Order (ECF No. 285) and issue a memorandum opinion addressing the grant and denial of summary judgment for the reasons stated in the accompanying memorandum of law.

WHEREFORE, the Commonwealth Defendants' Motion for Reconsideration should be granted.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By:    *s/ Tyler Jefferies*
       TYLER JEFFERIES
       Deputy Attorney General
       Attorney I.D. No. 330225

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
tjefferies@attorneygeneral.gov

*/s/Adrienne M. Box*
ADRIENNE M. BOX
Deputy Attorney General
Attorney ID 325818

Nicole R. DiTomo
Chief Deputy Attorney General
Civil Litigation Section

1

2

Date:  February 25, 2026                              *Counsel for Commonwealth Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| SHEKIR THOMAS, | | : | |
| | Plaintiff | : | No.  2:22-CV-2246 |
| | | : | |
| v. | | : | |
| | | : | |
| GEORGE LITTLE, *et al.*, | | : | |
| | | : | |
| | Defendants | : | |

## COMMONWEALTH DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

Defendants Little, Wetzel, Luquis, Matteo, and Stickney (collectively, "Commonwealth Defendants"), by and through counsel, hereby file this memorandum of law in support of their Motion for Reconsideration of this Court's Order dated February 10, 2026 (ECF No. 285).

## I.    INTRODUCTION

Commonwealth Defendants file the instant Motion for Reconsideration of this Court's Order dated February 10, 2026 (ECF No. 285), which purported to clarify the previous Order (ECF No. 206) that denied in part and granted in part the Commonwealth Defendants' Motion for Summary Judgment. Neither order addresses the Commonwealth Defendants' qualified immunity defense in any manner. Further, a memorandum opinion has still not been issued explaining the basis for this Court's decision as to the Commonwealth Defendants' Motion for Summary Judgment. The Third Circuit requires that district courts provide their reasoning (in a memorandum opinion or otherwise) expressing the reasons or grounds for any grant of summary judgment and denial of qualified immunity. This Court's failure in both respects constitutes clear error. As such, the Commonwealth Defendants respectfully request that this Court reconsider its Order (ECF No. 285) effectively denying qualified immunity at this juncture, and issue a memorandum opinion

3

addressing its reasoning *in toto* with respect to the underlying grant and denial of summary judgment.

## II.    RELEVANT HISTORY

On June 6, 2022, then-*pro se* Plaintiff, Shekir Thomas, initiated this action by alleging that the Commonwealth Defendants violated his constitutional rights. ECF No. 1. Over the course of the following two years, the Commonwealth Defendants sought to dismiss Plaintiff's claims (*see* ECF Nos. 25, 56, 65) and Plaintiff was permitted to amend his Complaint at least two times (*see* ECF Nos. 48, 50, 51, 62, 63, 64). The Commonwealth Defendants' Motions to Dismiss became moot because of Plaintiff's amendments, or this Court otherwise outright denied them. *See* ECF No. 50, 78. The operative complaint is Plaintiff's Second Amended Complaint. *See* ECF Nos. 61, 63.

After the close of discovery (except expert discovery), *see* ECF No. 73, on June 12, 2024, Plaintiff filed a Motion for Summary Judgment. ECF No. 119. On July 22, 2024, the Commonwealth Defendants filed a Motion for Summary Judgment and memorandum of law in support of their motion and in opposition of Plaintiff's Motion. ECF Nos. 138, 139. Plaintiff filed a reply brief to the Commonwealth Defendants' opposition. ECF No. 148. The Commonwealth Defendants then, in August 2024, filed two supplemental responses in support of their Motion for Summary Judgment. ECF Nos. 152, 154.

Still awaiting a decision, on March 12, 2025, and April 9, 2025, the Commonwealth Defendants again supplemented their opposition to Plaintiff's Motion and their own Motion for Summary Judgment. ECF Nos. 192, 198. The supplemental briefing provided material updates to this Court concerning changes in Plaintiff's circumstances that related to his underlying constitutional claims—specifically that he was continuously progressing through the Department

of Corrections' Intensive Management Unit ("IMU") Program—and with then-newly-issued decisions in this Circuit with similar facts that held there was no constitutional violation, further supporting the Commonwealth Defendants' argument as to qualified immunity. *See* ECF Nos. 152, 154, 192, 198. The Commonwealth Defendants consistently asserted qualified immunity and that they were therefore entitled to summary judgment on Plaintiff's claims throughout the summary judgment briefing. *See* ECF Nos. 139-1, at 34-39; ECF No. 152, at 2-3; ECF No. 162, at 34-37.

On June 4, 2025, this Court denied Plaintiff's Motion for Summary Judgment; the Court also denied in part and granted in part the Commonwealth Defendants' Motion for Summary Judgment. ECF No. 206. This Court expressly noted "Opinion to follow." ECF No. 206, at 2.

A final pretrial conference was then set for July 9, 2025, with the case listed in the jury pool beginning on July 21, 2025. ECF No. 177. On July 8, 2025, the Commonwealth Defendants filed their pretrial memorandum, in which they sought clarification with respect to this Court's June 4, 2025 Order (ECF No. 206). ECF No. 237, at 3. On July 18, 2025, a status conference was held during which counsel for the Commonwealth Defendants brought to this Court's attention the continued lack of a memorandum opinion or explanation accompanying the Court's ruling. *See* ECF No. 253; ECF No. 264, at 12. The Court, at that time, indicated that a memorandum or clarification would be provided to the parties "shortly." ECF No. 264, at 12.

Rather than proceed to trial, this Court exercised its discretion to *sua sponte* reach out to a law firm to represent Plaintiff, *see* ECF No. 264, at 3, and cancelled the trial date to allow newly-appearing counsel the opportunity to get up to speed. *See* ECF Nos. 252-254; ECF No. 264; ECF No. 277, at 1 n.1-2. In December 2025, this Court directed that the scheduling order be modified for the purpose of reopening discovery on a limited basis. ECF No. 277. Although that Order noted

its previous ruling as to the cross-motions for summary judgment, it did not address qualified immunity or explain the basis for its ruling. *See* ECF No. 277, at 1 n.1.

The Commonwealth Defendants again noted the lack of a memorandum opinion in their proposed discovery plan. ECF No. 282, at 1 n.2. This led to this Court's most recent clarification Order, entered February 10, 2026. ECF No. 285. That most recent Order, ECF No. 285, is inconsistent with the previous Order concerning Commonwealth Defendants' Motion for Summary Judgment, *see* ECF No. 206, and like its predecessor, fails to address or even mention qualified immunity. At this point, there is no order by this Court that explicitly addresses qualified immunity, which the Commonwealth Defendants clearly asserted and the parties fully briefed in 2024, *see e.g.*, ECF No. 139-1, at 34-39, and there is no memorandum opinion despite this Court's repeated indication that one would be provided, *see* ECF No. 206, at 2; ECF No. 264, at 12. The Commonwealth Defendants thus understand, that as of this Court's most recent clarification Order, ECF No. 285, this Court effectively implicitly denied the Commonwealth Defendants' defense of qualified immunity, still without explanation. *See In re Montgomery Cnty.*, 215 F.3d 367, 372-74 (3d Cir. 2000) (exercising jurisdiction to review implied denial of qualified immunity, where district court failed to ever explicitly address defendants' immunity claims and no other pending motions existed); *Roth v. City of Hermitage*, 709 F. App'x 733, 735 (3d Cir. 2017) ("[T]he District Court effectively (if temporarily) denied qualified immunity because it ruled that additional factual development was needed in state court before the Court could fully resolve the merits of Roth's claim.").[1]

### III.    ARGUMENT

---

[1] This Court notably did not, in reopening this case for limited discovery, direct a new dispositive motions deadline ahead of the new 2027 trial date. *See* ECF No. 284.

For nearly a year, this Court has failed to provide the parties with a memorandum opinion explaining its reasoning for the partial grant and partial denial of the Commonwealth Defendants' summary judgment motion. The absence of a memorandum opinion, and most notably this Court's utter failure to address the qualified immunity defense raised by the Commonwealth Defendants, contravenes binding Third Circuit precedent. Respectfully, this is a clear error of law and manifest injustice. Without this Court's explanation or reasoning as to what factual disputes exist that resulted in this Court's Order, Commonwealth Defendants—and likely the Plaintiff—are handcuffed moving forward through the limited discovery directed by this Court and any subsequent trial. The Commonwealth Defendants, therefore, respectfully request this Court reconsider its position and provide a memorandum opinion with respect to the Commonwealth Defendants' Motion for Summary Judgment.

While "mere disagreement with the Court does not translate into a clear error of law," *Chesapeake v. Appalachia, L.L.C. v. Scout Petroleum, LLC*, 73 F.Supp.3d 488, 491 (3d Cir. 2014) (internal citations omitted), reconsideration is proper if the moving party demonstrates the "need to correct a clear error of law or fact to prevent manifest injustice," *Max's Seafood Café ex re. Lou'Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, the Court's failure to provide an explanation, or memorandum opinion providing its rationale for granting in part and denying in part Commonwealth Defendants' Motion for Summary Judgment, including the implicit denial of qualified immunity as of the most recent clarification Order, ECF No. 285, represents such a clear error of law, creating manifest injustice for both parties.

First, since 1990, the Third Circuit exercised its supervisory power to "require the district courts in this circuit to accompany grants of summary judgment [] with an explanation sufficient to permit the parties and [the Third Circuit] to understand the legal premise for the court's order."

7

*Vadino v. A. Valey Engineers*, 903 F.2d 253, 259 (3d Cir. 1990). Twelve years later, the Third Circuit again announced, in *Forbes v. Township of Lower Merion*, "a supervisory rule to be followed in all subsequent cases in which a summary judgment motion based on qualified immunity is denied on the ground that material facts are subject to genuine dispute." 313 F.3d 144, 146 (3d Cir. 2002). District courts must "specify those material facts that are and are not subject to genuine dispute and explain their materiality." *Id.* In fact, the Third Circuit requires "dispositions of a motion in which a party pleads qualified immunity include, *at minimum*, an identification of relevant factual issues and an analysis of the law that justifies the ruling with respect to those issues." *Id.* at 149 (emphasis added).

A district court's failure to explain its reasoning for granting summary judgment or denying qualified immunity is plain error. *See Caprio v. Bell Atl. Sickness & Accident Plan*, 374 F.3d 217, 220-21 (3d Cir. 2004); *Blaylock v. City of Philadelphia*, 504 F.3d 405, 409-10 (3d Cir. 2007); *Roth*, 709 F. App'x at 73. The lack of grounds or rationale by the district court "hamper[s]" adequate appellate review. *See Veanus v. Northampton Cnty. Prison*, 238 F. App'x. 753, 754 (3d Cir. 2007). The Third Circuit is often left to remand the case back to the district court with instructions to meet the specificity required by *Vadino* and *Forbes*. *See, e.g.*, *Caprio*, 374 F.3d at 220-21; *Blaylock*, 504 F.3d at 410; *Griffin-El v. Beard*, 411 F. App'x 517, 520-21 (3d Cir. 2011); *Reynolds v. Municipality of Norristown*, 716 F. App'x 80, 82-83 (3d Cir. 2017).

Here, the Court has failed to follow both supervisory rules established by the Third Circuit. As set forth *supra*, this Court has not issued an opinion or explanation for partially granting the Commonwealth Defendants' Motion for Summary Judgment or denying the qualified immunity defense raised by the Commonwealth Defendants. Because that is clear error, the Commonwealth

8

Defendants respectfully request this Court reconsider.[2]

## IV.    CONCLUSION

For the foregoing reasons, the Commonwealth Defendants respectfully request that this Court reconsider its clarification Order (ECF No. 285), denial of qualified immunity, and lack of a memorandum opinion as required in this Circuit. Without an opinion or explanation, the Commonwealth Defendants will be left without alternative options other than an appeal which requests that the Third Circuit exercise its supervisory authority under the circumstances.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By:    */s/ Tyler Jefferies*
Office of Attorney General              TYLER JEFFERIES
1600 Arch Street, Suite 300             Deputy Attorney General
Philadelphia, PA 19103                  Attorney I.D. No. 330225
tjefferies@attorneygeneral.gov
                                        */s/Adrienne M. Box*
                                        ADRIENNE M. BOX
                                        Deputy Attorney General
                                        Attorney ID 325818

                                        Nicole R. DiTomo
                                        Chief Deputy Attorney General
                                        Civil Litigation Section

Date:  February 25, 2026                *Counsel for Commonwealth Defendants*

---

[2] Respectfully, the failure to provide a substantive basis for the ruling below risks prejudice to both sides of this case. Even if the case were to proceed to trial and this Court enters a final judgment, an appeal taken by either party faces the same problem. If Plaintiff wants to challenge this Court's partial grant of summary judgment, *see* ECF No. 206, the Third Circuit will be without the tools—an opinion—to engage in adequate appellate review.

## **CERTIFICATE OF SERVICE**

I, Tyler Jefferies, Deputy Attorney General for the Commonwealth of Pennsylvania,

Office of Attorney General, hereby certify that on February 25, 2026, I caused to be served a true

and correct copy of the foregoing document titled Commonwealth Defendants' Motion for

Reconsideration to the following:

**VIA ECF**
**Emilla McKee Vassallo**
**1735 Market Street**
**51st Floor**
**Philadelphia, PA 19103**
*Counsel for Plaintiff*

*s/ Tyler Jefferies*
**TYLER JEFFERIES**
Deputy Attorney General